**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 2:23-CR-95 |
| ) | |
| BRANDON TYLER LINDSEY, ) | |
| ) | |
| Defendant. ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING FACTORS**

The United States of America, represented by Jessica D. Aber, United States Attorney, and Victoria Liu, Special Assistant United States Attorney, offers this position paper regarding the sentencing factors stated in 18 U.S.C. §3553(a). The government has no objections to the Presentence Investigation Report (PSR). Based on the nature of the offense, and the defendant's characteristics, the United States respectfully requests that the court impose a sentence of 360 months imprisonment followed by at least 10 years of supervised release. This is sufficient, but not greater than necessary, to accomplish the goals set forth in 18 U.S.C. §3553(a).

**I. ADDITIONAL POINT FOR ACCEPTANCE OF RESPONSIBILITY**

Because of the defendant's timely plea, a motion to reduce the offense level an additional one point under U.S.S.G. § 3E1.1 is appropriate as has been done in this case. The government agreed to that in the plea agreement. ECF No. 25.

**II. PROCEDURAL BACKGROUND**

The defendant was first arrested pursuant to a criminal complaint on July 2, 2023. ECF No. 3. A Grand Jury seated in Norfolk, Virginia then returned an Indictment charging the defendant with seven counts, including one count each of the following: production of child

pornography in violation of 18 U.S.C. § 2251(a), coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b), interstate travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(f), receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), attempted production of child pornography in violation of 18 U.S.C. § 2251(a) and (e), attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b), and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  ECF No. 15.  On September 21, 2023, the defendant pleaded guilty to Count One of the Indictment.  ECF Nos. 23, 24.

### III. FACTUAL BACKGROUND

Since the defendant became an adult, the defendant has sought out sexual relationships with underage teenagers mostly between the ages of 13 and 17.  PSR ¶ 16.  The age range did not change as he aged, so he resorted to lying about his age when speaking to the teenagers; although initially representing himself as 19 years old, he later claimed to be 17 years old to increase his chances with the teenagers.  PSR ¶ 10 (Statement of Facts ¶ 2).  This methodology was highly effective, as the defendant had at least 29 victims who sent him child pornography at his request over approximately 8 years.  PSR ¶ 39.  In addition to producing and receiving child pornography, the defendant was adept at convincing these minors to meet him for sex and did in fact have sex with multiple minors. PSR ¶¶ 10, 38, 78.  The defendant preferred to target minors from his hometown, as even while stationed in North Carolina, he endeavored to meet local students through multiple social media accounts.  PSR ¶ 10 (Statement of Facts).

The defendant was sophisticated in several key ways: (1) his use of multiple social media accounts to conceal his identity; (2) his method of finding victims through social media; and (3) his ability to target vulnerable victims. *See* PSR ¶¶ 10, 15, 17.

## IV.  STANDARDS GOVERNING SENTENCING

### A.  General Standards

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, but emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.* at 264.  The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 552 S. Ct. 85 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 564.  Finally, in *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guideline range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 596-97.  The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one.").

"[I]n imposing a sentence after *Booker*, the district court must engage in a multi-step process. First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). "Next, the court must 'determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors.'"

*Id.* (quoting *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006)). In making this determination:

> a sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

*United States v. Hampton*, 441 F.3d 284, 287 (4th Cir. 2006) (quoting 18 U.S.C. § 3553(a)).

Importantly, the Supreme Court has recognized that a party's argument for a sentence outside the calculated guideline range may "take either of two forms." *Rita v. United States,* 551 U.S. 338, 344, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). A party may "argue within the Guidelines' framework, for a departure," *Id*. (emphasis in original), or a party may "argue that, independent of the Guidelines, application of the factors set forth in 18 U.S.C. § 3553(a) warrants a [different variant] sentence." *Id*.

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*, 269 Fed. Appx. 272 at *1 (4th Cir. 2008) (*citing United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)).

## V. FACTORS UNDER 18 U.S.C. § 3553(a)

Under 18 U.S.C. § 3553(a), when imposing a sentence, the Court must consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to promote the goals of sentencing, (4) the kinds of sentences available, (5) the sentencing guideline range, (6) any pertinent policy statement issued by the

Sentencing Commission, (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (8) the need to provide restitution to any victims of the offense.

### A. Nature and Circumstances of the Offense

The nature and circumstances of the defendant's crime are serious, and the scope of the defendant's conduct is shocking. The defendant effectively leveraged the instantaneous nature of online communications to target as many minors as he could. As a result, he victimized many girls who have been permanently harmed by his actions. He treated social media sites as his hunting ground, concealed his true age to gain the girls' trust, and, knowing that his actions against minors was illegal, sought to cover his tracks in multiple ways. Not only did he seek his friends' help to conceal his actions, but he also was seen attempting to delete the child pornography from his iCloud account after his cellular telephone was seized by Air Force Office of Special Investigations for unrelated offenses.

This factor weighs heavily in favor of the maximum sentence. Minor Victim 1's ordeal alone warrants a severe sentence, but the defendant's conduct stretches far beyond her experience and includes his in-person sexual conduct with multiple other minors and online communications with 28 minors to produce child pornography alone.

### B. Defendant's History and Characteristics

The defendant's history and characteristics show that he had no criminal history until events immediately preceding this case and was an active duty Airman in the Air Force. The government notes that the defendant's stable childhood gives him no excuse to commit these heinous acts upon minors, many of whom lacked the stability that he enjoyed.

Immediately preceding the investigation into the defendant's crimes against children, the defendant was under investigation by the Air Force for sexually assaulting adult victims and taking sexual photographs of them without consent. This investigation is ongoing, and because of the possibility that he may still be separately held accountable for those offenses by the Air Force, the government asks the Court not to weigh this background much when imposing an appropriate sentence. But the government avers that the defendant's pattern of committing sexually based offenses should generally be considered.

C. **Need to Deter Future Criminal Conduct and to Protect the Public**

The defendant's conduct is indicative of the danger he poses to society and warrants the maximum sentence. Here, one count of production of child pornography captures a fraction of the harm he has caused to the community's most vulnerable victims. He not only committed this harm against 29 minors, but also was sexually assaulting multiple minors in person, undeterred by physical distance and crossing state lines to meet his objectives. His guidelines are properly calculated as life because of the extraordinary facts in this case, and the ultimate sentence he receives should reflect the pattern of harm he has caused.

Only a sentence of 360 months would adequately deter the defendant from further misconduct and give him time to fully rehabilitate. Over the course of his entire adulthood, the defendant has been evading responsibility while preying on the most vulnerable in the community. He has not reached a point where he fully understands the impact his actions have on minors, as evidenced by his post-arrest interview. *See* PSR ¶ 15 (viewing underage girls as "just another body"). A sentence of 360 months is also appropriately severe for general deterrence.

6

## VI.  CONCLUSION

The government asks the Court to impose a sentence of 360 months incarceration and no less than 10 years of supervised release.

                Respectfully submitted,

                JESSICA D. ABER
                UNITED STATES ATTORNEY

By:             /s/
                Victoria Liu
                Special Assistant United States Attorney
                New York State Bar No. 5431549
                United States Attorney's Office
                World Trade Center, Suite 8000
                101 W. Main Street
                Norfolk, Virginia 23510
                Office Number - 757-441-6331
                E-Mail Address – victoria.liu@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Amanda C. Conner
500 East Main Street
Suite 500
Norfolk, Virginia 23510
(757) 457-0800

I further certify that on this 16th day of January, 2024, I caused a true and correct copy of the foregoing Position of the United States with Respect to Sentencing Factors to be e-mailed to the following:

Latriston L. Cox
United States Probation Officer
600 Granby Street
Suite 200
Norfolk, Virginia 23510
(757) 222-7322

/s/
Victoria Liu
Special Assistant United States Attorney
New York State Bar No. 5431549
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510
Office Number - 757-441-6331
E-Mail Address – victoria.liu@usdoj.gov