Rev. 02/2006

## COURTROOM MINUTES OF CRIMINAL PROCEEDINGS
### Norfolk Division

# SENTENCING MINUTES

| | | | |
|---|---|---|---|
| Set: | 2:30 p.m. | Date: | January 31, 2024 |
| Started: | 2:35 p.m. | Judge: | Raymond A. Jackson, USDJ |
| Ended: | 3:20 p.m. | Court Reporter: | Carol Naughton, OCR |
| | | U.S. Attorney: | Victoria Liu, AUSA |
| | | Defense Counsel: | Amanda Conner, AFPD |
| | | Courtroom Deputy: | Brian Peters |
| | | Probation Officer: | Latriston Cox |
| | | Interpreter | |

Case No.     2:23cr95
Defendant:   Brandon Tyler Lindsey          ( X ) In Custody     (   ) On Bond

__X__ Came on for disposition. _____ Deft. Sworn. _____ Interpreter sworn
__X__ Defendant satisfied with advice, counsel, and effectiveness of counsel.
_____ Court adjudged defendant guilty of count _____ of the _____
__X__ Govt's _____ motion for downward departure.
_____ __X__ motion for acceptance of responsibility:
_____ __X__ GRANTED.

__X__ Presentence Report reviewed. _____ Objections heard and rulings made.
__X__ Court adopts PSR for the purpose of establishing the advisory guidelines.
_____ Defendant waives his right to appear in person and CONSENTS to appear remotely.
_____ Evidence presented. (Witnesses and exhibits listed on last page)
__X__ Arguments of counsel heard. _____ Statement of Defendant heard.

# IMPRISONMENT:

SENTENCE: Count 1 of the Indictment: The defendant shall be committed to the custody of the BOP to be imprisoned for a total term of **324 months**.

___X___ The defendant is remanded to the custody of the U.S. Marshal.

_____ The defendant shall surrender for service of the sentence at the institution designated by the BOP/U.S. Marshal before _ on _____, as notified by the U.S. Marshal.

_____ If defendant is unable to arrange transportation to the designated institution, the United States Marshal will arrange transportation for the defendant.

_____ If the defendant is not notified by the United States Marshal of the institution designated, the defendant shall report to the United States Marshal at 600 Granby Street, Norfolk, VA, by _____ on _____ _____, to begin service of the sentence.

Rev. 02/2006

## PROBATION:

_____ The defendant shall be placed on probation for a term of _____ years.

## SUPERVISED RELEASE:

___X___ Upon release from imprisonment, the defendant shall be on supervised release for a term of **30 years**.

_____ The Court will not impose a term of supervised release as it is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment.

## Standard Conditions of Supervised Release:

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance.

While on supervised release, the defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

___X___ The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of commencement on supervised release and at least two periodic drug tests thereafter, as directed by the probation officer.

_____ As reflected in the presentence report, the defendant presents a low risk of future substance abuse and therefore, the Court hereby suspends the mandatory condition for substance abuse testing as defined by 18 USC 3563 (a)(5). However, this does not preclude the U.S. Probation Office from administering drug tests as they deem appropriate.

_____ It shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## Special Conditions of Supervised Release:

___X___ If the defendant tests positive for a controlled substance or shows signs of alcohol abuse, he shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as directed by the probation officer.

___X___ The defendant shall waive all rights of confidentiality regarding substance abuse treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

_____ The defendant shall participate in a program approved by the United States Probation Office for mental health treatment.   The cost of this program is to be paid by the defendant as directed by the probation officer.

_____ The defendant shall pay support for his minor child(ren) in the amount ordered by any social service agency or court of competent jurisdiction and shall register with the Department of Child Support Enforcement in any state in which he resides.

___X___ The defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the Court, upon the recommendation of the probation officer.

Rev. 02/2006

  __X__    The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

  __X__    The defendant shall provide the probation officer access to any requested financial information.

  _____  The defendant shall participate in an educational and/or vocational program as directed by the probation officer.

  _____  The defendant shall obtain a GED or a vocation skill during his period of supervision if not employed full-time.

**Sex Offender Special Conditions:**

  __X__    The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, including a psychosexual evaluation and sex offender treatment. The costs of these programs are to be paid by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider. If the defendant cannot afford to pay the costs of these programs, the probation officer will notify the Court and the Court will make adjustments as necessary.

  __X__    Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

  __X__    Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit their person, property, house, residence vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

  __X__    The defendant shall not have any intentional contact with any child under the age of 18 unless accompanied by a responsible adult who is aware of the defendant's conviction and supervision status and who has been approved in advance by the court or probation officer. Intentional contact includes, but is not limited to, physical contact, verbal communication, written communication, and/or electronic communication such as e-mail. Intentional contact also includes going to, congregating, and/or loitering within 100 yards around school yards, playgrounds, swimming pools, arcades, zoos, or other places frequented by children under the age of 18. Intentional contact also encompasses any employment that would regularly provide the defendant with access to children under the age of 18, such as working in schools, childcare facilities, amusement parks, and playgrounds. Incidental contact with children under 18 includes but is not limited to, unavoidable interactions in public places such as grocery stores, department stores, restaurants, etc.

  __X__    The defendant shall not utilize, by any means, any social networking forums offering an interactive, user-submitted network of friends, personal profiles, blogs, chat rooms, or other environment, including but not limited to YouTube, Facebook, or Instagram, without prior permission from the probation officer. The defendant shall provide account information to the probation officer, including usernames and passwords.

  __X__    The defendant shall not view or possess any "visual depiction" of any "sexually explicit conduct" (as both terms are defined in 18 U.S.C. § 2256) involving a juvenile, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means.

  __X__    The defendant shall submit to periodic polygraph testing at the discretion of the probation officer to ensure compliance with the requirements of the defendant's supervision and/or treatment program. The costs of the testing are to be paid by the defendant, as directed by the probation officer.

Rev. 02/2006

   X     The defendant shall not possess and/or use computers as defined in 18 U.S.C. § 1030(e)(1), or similar device that provides access to the Internet, which includes the use of computers at work, to communicate with any individual or group who promotes sexual abuse of children. The defendant shall cooperate with the probation office's computer monitoring program, which shall include, but not be limited to, disclosing all computers/devices (as defined in 18 U.S.C. § 1030(e)(1)), allowing the installation of monitoring software at the defendant's expense, and permitting random unannounced inspections of computer systems and Internet-capable devices and similar electronic devices under the defendant's control.

   X     The defendant shall comply with the requirements of the computer monitoring program as administered by the Probation Office. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant uses. The costs of monitoring shall be paid by the defendant. To ensure compliance with the computer monitoring condition, the defendant shall allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. The defendant shall allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) the defendant seeks to use.

The defendant shall submit to a search of all computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media. The defendant shall warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

To ensure compliance with computer monitoring or supervision conditions, the defendant shall submit any records requested by the probation officer to verify compliance with the defendant's conditions including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

   X     The defendant shall notify his employer of: (1) the nature of his conviction; and (2) the fact that the defendant's conviction, related conduct, or prior criminal history was facilitated by the use of a computer and/or Internet. The defendant's employment shall be approved in advance by Probation and the Probation Office shall confirm the defendant's compliance with this notification requirement and possible Internet monitoring of his/her computer at employment.

        The defendant shall consent to the use of Wi-Fi detection devices, to allow the probation officer to detect the presence of wireless signal inside or outside of the defendant's residence.

## FINANCIAL PENALTIES

## SPECIAL ASSESSMENT:

   X    As to Count 1, the defendant shall pay a special assessment in the amount of $100.00.
   X    As to Count 1, the defendant shall pay a statutory victim assessment in the amount of $500.00 pursuant to the AVAA Child Pornography Victim Assistance Act of 2018.

The total of the special and statutory victim assessments is $600.00 and shall be due in full immediately.

Any balance remaining unpaid on the special and statutory victim assessments at the inception of supervision, shall be paid by the defendant in installments of not less than $100.00 per month, until paid in full. Said payments shall commence sixty (60) days after defendant's supervision begins.

Rev. 02/2006

# FINE:

___X___ Court finds the defendant is unable to pay fine.

_____ The defendant shall pay a fine in the amount of $_____.

---

# RESTITUTION:

_____ The defendant shall make restitution in the amount of $_____.

_____ Interest is waived.

_____ Restitution Judgment Order, entered and filed in open court.

---

# SCHEDULE OF PAYMENTS:

_____ Interest will not accrue if the special assessment/fine/restitution is paid in accordance with the schedule, or any modified schedule, set by this court.

_____ The special assessment/fine/restitution is due and payable immediately.   Any balance remaining unpaid on the special assessment/fine/restitution at the inception of supervision, shall be paid by the defendant in installments of not less than $_____ per month, until paid in full. Said payments shall commence _____ days after defendant's supervision begins.

_____ At the time supervision commences, the probation officer shall take into consideration the defendant's economic status as it pertains to his ability to pay the special assessment/fine/restitution ordered and shall notify the court of any change that may need to be made to the payment schedule.

_____ Each restitution payment shall be divided proportionately among the payees named.

_____ Restitution shall be made jointly and severally with   _____.

---

_____ Nothing in the Court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.

_____ Any special assessment, restitution, or fine payments may be subject to penalties for default and delinquency.

_____ Since this judgment imposes a period of imprisonment, payment of Criminal Monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

_____ The defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

___X___ The defendant notified of right of appeal.

___X___ Court noted that defendant waived right of appeal in plea agreement.

___X___ On motion of the Government, all remaining counts of the Indictment dismissed.

Rev. 02/2006

_____X_____ On motion of the Government, the decision on restitution is **continued** for 90 days. The parties are directed to contact the courtroom deputy to schedule a hearing if same is deemed necessary.

_____X_____ Court recommends to the Bureau of Prisons:

    _____X_____ The defendant be incarcerated in or near the Commonwealth of Virginia.

    _____X_____ The defendant be enrolled in a mental health program.

    _____X_____ The defendant be enrolled in an educational program.

    _____ The defendant be enrolled in a drug education program.

    _____X_____ The defendant be enrolled in a sex offender treatment program.

    _____X_____ The defendant be enrolled in a drug treatment program.

    _____X_____ The defendant be enrolled in a vocational education program.

_____ Consent Order of Forfeiture, executed and filed in open court.

## Additional Comments:

_____

_____

_____